ACCEPTED
03-14-00665-CV
5917840
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 11:55:31 AM
JEFFREY D. KYLE
CLERK

**Case No. 03-14-00665-CV**

_____

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 11:55:31 AM
JEFFREY D. KYLE
Clerk

_____

ERIC DRAKE

*Plaintiff - Appellant,*

**vs.**

KASTL LAW FIRM P.C., ET. AL.

*Defendants - Appellees.*

_____

On Appeal from the 200th District Court, Travis County
Case No. D-1-GN-14-001215

## APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO STRIKE

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Seana Willing, Appellee herein, and files this Response to Appellant's Motion to Strike, which was filed by Appellant Eric Drake ("Appellant") on July 1, 2015, and would respectfully show this Court the following:

# I.
# PROCEDURAL BACKGROUND

On May 1, 2015, this Court entered a *sua sponte* Order noting that Appellant's Brief exceeded the maximum length of a brief and directing Appellant to "file an amended brief complying with the rules of appellate procedure on or before May 15, 2015." [Order, May 1, 2015]. This Court admonished that "If Drake fails to comply with this order, this Court may strike appellant's brief and dismiss this appeal." [Order, May 1, 2015].

On May 13, 2015, Appellant filed the Amended Brief of Appellant Eric Drake. [Amended Appellant's Brief]. In that brief, he certified that his brief was in compliance of the word limit, as per TEX. R. APP. P. 9.4(i)(3). Appellant certified that "exclusive of the exempted portions, the brief contains 14,819 words. [Amended Appellant's Brief, page 85].

On June 16, 2015, Ms. Willing filed her Advisory to the Court ("Advisory"), informing the Court that Appellant had attempted to evade the maximum word count of a brief by presenting a portion of his argument under an improper heading, rather than presenting an actual "Statement of the Case." [Advisory].

On July 1, 2015, Appellant filed his Motion to Strike Ms. Willing's Advisory.

## II.
## UNCONTESTED MATTERS

Even after the filing of Appellant's Motion to Strike, the following matters are uncontested:

1. Appellant's briefing includes a section titled "Statement of the Case;"

2. Despite that title, Appellant's "Statement of the Case" does not contain any information required of a proper Statement of the Case. *See* TEX. R. APP. P. 38.1(d). Specifically, Appellant's briefing under that heading presents only his argument of facts, without a single citation to the record. [Amended Appellant's Brief, pages 1-6];

3. The content provided in Appellant's "Statement of the Case" is Appellant's arguments, such as arguing the sufficiency of evidence presented at a hearing (a merit based argument, not a "Statement of the Case"), without any attempt to refer to the record [Amended Appellant's Brief, pages 1-6];

4. Despite the improper title of the section, pages 1-6 of the Amended Appellant's Brief are not a "Statement of the Case" within the meaning of the Texas Rules of Appellate Procedure, but rather a "Summary of the Argument," to be counted toward the length of a brief, pursuant to TEX. R. APP. P. 9.4(i)(1); and

5. The brief actually exceeds the maximum length, containing approximately 15,642 words. This includes the argument Appellant seeks to shield by mischaracterizing it as a "Statement of the Case."

Appellant does not dispute the fact that pages 1-6 are argument, but simply asks this Court to not examine the content of his pleading and rely solely on the title he provided to those pages.

## III.
## RESPONSE TO APPELLANT'S MOTION TO STRIKE

Appellant's Motion to Strike is based on a faulty understanding of Ms. Willing's Advisory, and should be denied.

Appellant incorrectly interprets Ms. Willing's Advisory as a Motion to Strike. Ms. Willing's Advisory was not a Motion to Strike, but was instead providing this Court with information related to its previous *sua sponte* Order regarding maximum brief length and providing this Court with information about Ms. Willing's intent to rely upon her previously filed Appellee's Brief. [Advisory].

The sole basis of Appellant's Motion to Strike is that TEX. R. APP. P. 9.4(i) states that a Statement of the Case is not to be counted toward the maximum length of a brief. Appellant makes the conclusory assertions that Ms. Willing's Advisory is "improper, frivolous," and contains "misleading accusations." In making those

unsubstantiated claims, Appellant identifies no portion of Ms. Willing's Advisory that he claims is factually or legally inaccurate.

Appellant does not dispute the fact that the words he wrote in pages 1-6 are not in any way the content of a proper Statement of the Case. Indeed, his awareness of that exception in TEX. R. APP. P. 9.4(i), coupled with his previous misrepresentation of the length of his original Appellant's Brief provides further proof that Appellant has again knowingly misrepresented the true length of his brief, and has attempted to evade the requirements of TEX. R. APP. P. 9.4(i)(1).

Accordingly, Appellant's Motion to Strike should be denied.

Ms. Willing believes that in light of this Court's previous admonishment about the length of Appellant's Brief and the consequences of failure to abide by this Court's May 1, 2015 Order, she should bring to this Court's attention the fact that he has again exceeded the maximum length for a brief.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense
Litigation

ANGELA V. COLMENERO
Chief–General Litigation Division


/s/ Scot M. Graydon
Scot M. Graydon
Assistant Attorney General
State Bar No. 24002175
Office of the Attorney General
P.O. Box 12548
Austin, Texas  78711-2548
(512) 463-2120
(512) 320-0667 - facsimile

*ATTORNEYS FOR APPELLEE SEANA WILLING*


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via *regular mail* and *certified mail, return receipt requested* on July 2, 2015 to:

Eric Drake
PO Box 833688
Richardson, Texas 75083
*Pro Se* Appellant

/s/ Scot M. Graydon
**Scot M. Graydon**
Assistant Attorney General